UNITED STATES of America,
Appellee,

v.

Sheon DIMAIO, Defendant–Appellant.

No. 06–0619–cr.

United States Court of Appeals,
Second Circuit.

Nov. 6, 2007.

Charles F. Willson, Nevins & Nevins LLP, East Hartford, CT, for Defendant–Appellant.

Elizabeth S. Riker, Assistant United States Attorney (Craig A. Benedict, Assistant United States of Attorney, of counsel; Glenn T. Suddaby, United States Attorney for the Northern District of New York, on the brief), Syracuse, NY, for Appellee.

PRESENT: Hon. WALKER, Hon. CHESTER J. STRAUB and Hon. ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

Defendant–Appellant Sheon DiMaio appeals from a judgment of the United States District Court for the Northern District of New York (Howard G. Munson, *Judge* ), entered on February 7, 2006 sentencing him on a guilty plea principally to 42 months' imprisonment for one count of conspiracy to violate the Clean Air and Toxic Substances Control Acts, in violation of 18 U.S.C. § 371, and 42 months' imprisonment for one count of violating the Clean Air Act, in violation of 42 U.S.C. § 7413(c)(1), to run concurrently.[1] We assume the parties' familiarity with the balance of the facts, procedural history, and issues on appeal.

DiMaio argues that his sentence was unreasonable because the District Court failed to consider whether he was similarly situated with his codefendants and to take into account the sentences received by those codefendants under 18 U.S.C. § 3553(a)(6). Reviewing a sentence for reasonableness entails "consideration not only of the sentence itself, but also of the procedures employed in arriving at the sentence." *United States v. Fernandez*, 443 F.3d 19, 26 (2d Cir.2006) (citing *United States v. Crosby*, 397 F.3d 103, 114 (2d Cir.2005)). "[T]he standard is akin to review for abuse of discretion." *Id.* at 27. Thus, we consider whether the sentencing judge " 'exceeded the bounds of allowable discretion[,] . . . committed an error in law . . ., or made a clearly erroneous finding of fact.' " *Id.* (first alteration in original) (quoting *Crosby*, 397 F.3d at 114).

In general, a district court's "consideration of similarities and differences among co-defendants when imposing a sentence" is not prohibited. *United States v. Wills*, 476 F.3d 103, 110 (2d Cir.2007). However, section 3553(a) "does not *require* district courts to consider sentencing disparity among co-defendants," because "the primary purpose" of section 3553(a)(6) "was to minimize nationwide disparities." *Id.* (internal quotation marks omitted) (emphasis added). *Cf. United States v. Ebbers*, 458 F.3d 110, 129 (2d Cir.2006), *cert. denied*, —— U.S. ——, 127 S.Ct. 1483, 167 L.Ed.2d 244 (2007) (holding that where a reasonable explanation of the different sentences received by defendant and his codefendants "was readily apparent, namely, the varying degrees of culpability and cooperation between the various defendants" there was *no need to remand for*

---

1. DiMaio was also sentenced to two years supervised release. He does not appeal this

aspect of his sentence.

consideration of unwarranted disparity under section 3553(a)(6)). Here, there was an apparent explanation for the differing sentences as the only comparable codefendant received a more enthusiastic U.S.S.G. § 5k1.1 letter from the government. Thus, the District Court's failure to explicitly consider whether DiMaio was similarly situated with his codefendants and any potential disparity between their sentences was not error.

Moreover, the record makes clear that the District Court considered the applicable Guidelines range, the presentence report, the severity of the crime and its possible long-term repercussions, statements by DiMaio and several family members, and submissions by counsel. The District Court then chose a sentence of 42 months based on the downward departure motion submitted by the government pursuant to 18 U.S.C. § 3553(e) for substantial assistance. We thus conclude that the District Court carefully considered the section 3553(a) factors, *see Rita v. United States*, —— U.S. ——, 127 S.Ct. 2456, 2463, 168 L.Ed.2d 203 (2007), and that the sentence was reasonable. *See United States v. Fernandez*, 443 F.3d 19, 26 (2d Cir. 2006).

For these reasons, we AFFIRM the judgment of the District Court.